## GORBY v. MERCHANTS FREIGHT SYSTEM, Inc.

### Civ. No. 25460.

United States District Court
N. D. Ohio, E. D.

July 9, 1948.

A. H. Dudnik and Harley S. Cook, both of Cleveland, Ohio, for plaintiff.

McConnell, Blackmore, Cory & Burke and Burns Weston, all of Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for damages for personal injuries sustained by plaintiff, a freight brakeman, when the locomotive in which he was riding and a tractor and trailer, operated by defendant, collided at a grade crossing. Plaintiff's injuries consisted of burns resulting from the explosion of gasoline in defendant's vehicle.'

Defendant has filed a motion for a more definite statement with respect to a portion of paragraph 4 on page 3 of the complaint:

"Prior to being injured as aforesaid, the plaintiff was * * * capable of earning substantial wages as a railroad brakeman, but as a direct result of the occurrence herein set forth, he has lost wages and earnings which he otherwise would have acquired and will continue to lose wages in the future."

Defendant asks that plaintiff be required to state the amount of plaintiff's earnings prior to the accident, the amount of wages lost since the accident and the period of time plaintiff was unable to work.

The complaint seems not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading" so as to require a more definite statement under Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. The Court requires pleadings to be short and concise. Itemization of damages in the complaint is not essential to enable defendant to respond. Form 9, Rules of Civil Procedure, illustrates a complaint for negligence and paragraph 3 thereof is a prayer for a sum of money as compensation for loss due to medical expense, pain and suffering and inability to transact business. This is essentially the form used in the instant case and is adequate.

Motion overruled.